IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QAISAR HAMID | : |
|                Plaintiff | :   Civil Action |
| | :   2:11-cv-02349-HB |
| v. | : |
| STOCK & GRIMES, LLP | : |
|                Defendant | : |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

Defendant, Stock & Grimes, LLP, move this court pursuant to F.R.C.P. 12(b)(6) for an order dismissing plaintiff's amended complaint for the reasons set forth in the accompanying memorandum of law for failure to state a claim upon which relief can be granted.

WHEREFORE, defendant, Stock & Grimes, LLP, respectfully request that plaintiff's amended complaint be dismissed.

 

/s/Jeffrey B. McCarron
JEFFREY B. McCARRON
NICOLE L. GRAHAM

Swartz Campbell LLC
Two Liberty Place
50 S. 16th Street, 28th Floor
Philadelphia, PA 19102
(215) 564-5190
Jmccarron@swartzcampbell.com

*Attorneys for defendant*

Date: July 21, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QAISAR HAMID | : |
|                Plaintiff | : Civil Action |
| | : 2:11-cv-02349-HB |
| v. | : |
| STOCK & GRIMES, LLP | : |
|                Defendant | : |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
## OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, Stock & Grimes, LLP ("Stock & Grimes"), move this court for an order dismissing plaintiff's amended complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. INTRODUCTION

This action arises out of a consumer debt collection action. Discover Bank ("Discover"), filed an action against plaintiff and Zafar Hamid, asserting a breach of contract claim to recover credit card debt (the "underlying consumer debt collection action"). Stock & Grimes filed the underlying consumer debt collection action complaint on behalf of Discover.

Plaintiff has asserted a claim for violation of the Fair Debt Collection Practices Act. *See generally*, amended complaint.[1] Plaintiff's claim is based on the contention that the underlying consumer debt collection action filed by Stock & Grimes on behalf of Discover and against plaintiff was barred by the applicable statute of limitations.

The underlying consumer debt collection action filed was timely filed. The underlying consumer debt collection action was filed on April 23, 2010. Plaintiff admitted the last payment

---

[1] A copy of plaintiff's amended complaint is attached as Exhibit A.

received by Discover in regard to plaintiff's obligation was processed on July 5, 2006 and that next payment was due on August 12, 2006. Plaintiff also admitted she did not make payment to Discover on August 12, 2006 or any time after August 12, 2006. Plaintiff further admitted the breach of the cardholder agreement occurred on August 12, 2006. Plaintiff also admitted that she paid Discover money in the underlying consumer debt collection action. Under Pennsylvania law, the statute of limitations for a breach of contract action is four years. Therefore, the statute of limitations on the underlying consumer debt collection action did not expire until August 12, 2010, which is nearly four months *after* the underlying consumer debt collection action complaint was filed. Accordingly, plaintiff's amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. THE ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff is a citizen and resident of the Commonwealth of Pennsylvania. Am. Compl. at ¶ 1. In or around 1994, plaintiff received a credit card application from Discover. Am. Compl. at ¶ 14. Plaintiff applied for a received a cardmember agreement from Discover. Am. Compl. at ¶ 15. The cardmember agreement chose federal law and Delaware law to govern any dispute arising out of the agreement. Am. Compl. at ¶ 22. Plaintiff admitted the last payment received by Discover in regard to plaintiff's obligation was processed on July 5, 2006 and the next payment was due on August 12, 2006. Am. Compl. at ¶¶ 38-41. Plaintiff also admitted she did not make payment to Discover on August 12, 2006 or any time after August 12, 2006. *Id.* Plaintiff admitted that she defaulted on the cardmember agreement. *Id.* Plaintiff further admitted that plaintiff breached the terms of the cardmember agreement on August 12, 2006. *Id.*

2

On April 23, 2010, Stock & Grimes filed the underlying consumer debt collection action complaint on behalf of Discover and against plaintiff to collect a consumer debt. Am. Compl. at ¶ 54.

Plaintiff contends that Discover's cause of action for breach of contract against plaintiff arose in Delaware because Discover failed to receive the payment from plaintiff in Delaware. Am. Compl. at ¶¶ 49-53. Plaintiff contends that plaintiff's breach of the cardmember agreement "did not occur when she failed to send the payment from Pennsylvania but rather when Discover failed to receive payment in Delaware." Am. Compl. at ¶ 49. Plaintiff further contends that because the cause of action arose in Delaware, the Pennsylvania's borrowing statute would apply to the underlying consumer debt collection action and, therefore, the Delaware's three year statute of limitations would apply, barring the underlying consumer debt collection action. Am. Compl. at ¶¶ 56-61. Plaintiff contends that because the underlying consumer debt collection action was barred by the applicable statute of limitations, Stock & Grimes violated Fair Debt Collection Practices Act. *See* amended complaint at count I.

### III. ARGUMENT

#### A. Standard for Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint and whether the allegations are sufficient to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Stating a

claim requires a complaint with enough factual matter (accepted as true) to suggest the elements of a cause of action. *Gaston v. United States Post Office*, 2009 U.S. App. LEXIS 5673 at *7 (3d Cir. 2009). The factual allegations [of the complaint] must be enough to raise a right to relief above the speculative level. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The assumption of truth does not apply to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. It is not enough to allege the defendants acted improperly or made mistakes.

In the Third Circuit, when presented with a motion to dismiss for failure to state a claim, district courts are required to conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. *Id.*

### B.    The Underlying Consumer Debt Collection Action Was Timely Filed

Plaintiff admitted the last payment received by Discover in regard to plaintiff's obligation was processed on July 5, 2006 and that next payment was due on August 12, 2006. Plaintiff further admitted she did not make payment to Discover on August 12, 2006 or any time after August 12, 2006 and, therefore, defaulted on the cardmember agreement on August 12, 2006.

Under Pennsylvania law, the statute of limitations for a breach of contract action is four years. 42 Pa. C.S. § 5525. Accordingly, the statute of limitations on the underlying consumer debt collection action did not expire until August 12, 2010, which is nearly four months *after* the underlying consumer debt collection action complaint was filed by Stock & Grimes. Therefore, the underlying consumer debt collection action was not time barred.

Plaintiff contends that the statute of limitations pursuant to Delaware law, which is three years, applies to the underlying consumer debt collection action pursuant to Pennsylvania's borrowing statute.[2] Plaintiff is attempting, in error, to rely on the Pennsylvania borrowing statute which provides that "[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim." 42 Pa. C.S.A. § 5521(b); *see Agere Systems, Inc. v. Advanced Environmental Technology Corp.*, 552 F. Supp.2d 515 (E.D. Pa. 2008) (noting that Pennsylvania considers statutes of limitations to be procedural and therefore applies its own statutes of limitations unless the so-called 'borrowing statute' applies). Obviously, plaintiff's failure to remit payment as required by the cardholder agreement occurred in Pennsylvania and therefore, the borrowing statute does not apply. Yet, plaintiff claims that Discover caused the breach by failing to receive payment in Delaware. Plaintiff's failure to make payment was a breach of the cardmember agreement. Plaintiff's contention that the breach occurred in Delaware because Discover failed to receive plaintiff's payment in Delaware is laughable. The claim accrued in Pennsylvania when plaintiff failed to remit payment as required by the cardmember agreement. Therefore, Pennsylvania's borrowing

---

[2] It should also be noted that the choice of law provision in the cardmember agreement which provides disputes arising out of the cardmember agreement are to be governed by Delaware law, applies to substantive law only. Choice of law provisions do not apply to statute of limitations (i.e., procedural law) unless it is expressly stated in the contract. *See Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179-80 (3d. Cir. 1992); *Wilson v. Transport Ins. Co.*, 889 A.2d 563 (Pa. Super. 2005).

5

statute does not apply and the underlying consumer debt collection action was timely filed pursuant to Pennsylvania's four year statute of limitations. Accordingly, plaintiff's claim of an alleged violation of the Fair Debt Collection Practices Act fails as a matter of law.

## IV. CONCLUSION

Defendant, Stock & Grimes, LLP, respectfully requests this Court grant its motion to dismiss plaintiff's amended complaint.

/s/Jeffrey B. McCarron
JEFFREY B. McCARRON
NICOLE L. GRAHAM

Swartz Campbell LLC
Two Liberty Place
50 S. 16th Street, 28th Floor
Philadelphia, PA  19102
(215) 564-5190
Jmccarron@swartzcampbell.com

*Attorneys for defendant*

DATE: July 21, 2011

6