IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QAISAR HAMID | : | |
| | : | Civil Action |
| Plaintiff | : | 2:11-cv-02349-HB |
| | : | |
| v. | : | |
| | : | |
| STOCK & GRIMES, LLP | : | |
| | : | |
| Defendant | : | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's amended complaint should be dismissed with prejudice because the underlying consumer debt collection action was timely filed. Pennsylvania was the forum state of the underlying consumer debt collection action and, therefore, Pennsylvania's four year statute of limitations applies. 42 Pa. C.S. § 5525. Pennsylvania's borrowing statute does not apply because the cause of action did not accrue outside of Pennsylvania. 42 Pa. C.S.A. § 5521(b) ("[t]he period of limitation applicable to *a claim accruing outside this Commonwealth* shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim."). All of the Pennsylvania legal authority cited by plaintiff in opposition to defendant's motion to dismiss supports defendant's contention that the underlying consumer debt collection action was timely filed because the cause of action accrued in Pennsylvania and the Pennsylvania four year statute of limitations applies.

As stated in *Smith v. IMG Worldwide, Inc.*, 437 F.Supp.2d 297 (E.D. Pa. 2006), the final significant event necessary to make the claim suable occurs when the plaintiff would have been able to demonstrate damages. *Smith*, 437 F.Supp.2d at 311. The *Smith* case involved claims for defamation brought by one sports agent against another sports agent. Smith alleged that IMG

made defamatory statements against Smith which caused an athlete to sign with IMG over Smith. *Id*. The court found that the final significant event occurred when the athlete signed with IMG. *Id*. In the context of this action, the final significant event occurred when plaintiff failed to make payment to Discover. Discover was able to demonstrate damages when plaintiff failed to send the required payment and breached the contract. Plaintiff's breach occurred in Pennsylvania. Therefore, the final significant event, indeed the only significant event, occurred in Pennsylvania, and, therefore, the Pennsylvania borrowing statute does not apply.

In *Giacobbe v. Celotex Corp.*, 629 F.Supp. 1216, the court determined that the Pennsylvania borrowing statute applied and the New York statute of limitations precluded plaintiff's claims arising from asbestosis exposure while working in Brooklyn, New York, even though plaintiff did not learn of the injury until years later while living in Pennsylvania. Similarly, in *Rostron v. Marriott Hotels*, 677 F.Supp. 801 (E.D. Pa. 1987), the court determined that the Pennsylvania borrowing statute applied and California's statute of limitations applied to the plaintiff's personal injury action because the fall occurred on California property. In *Hafer v. Firestone Tire & Rubber Co.*, 523 F.Supp. 1216 (E.D. Pa. 1981), the Pennsylvania borrowing statute applied and Quebec's one year statute of limitations barred the plaintiff's claim because the accident occurred in Quebec. Lastly, in *Mack Trucks, Inc. v. Bendix-Westinghouse Auto. AB Co.*, 372 F.2d 18 (3d Cir. 1966), the court determined that the Pennsylvania borrowing statute applied to plaintiff's claim arising out of an accident which occurred in Florida.

Plaintiff's contention that the cause of action accrued in Delaware because Discover failed to receive payment in Delaware is absurd. Discover's claim against plaintiff arose in Pennsylvania when plaintiff failed to remit payment in breach of the cardmember agreement. There was no act or omission on the part of Discover in Delaware which made the claim suable.

The claim accrued in Pennsylvania when plaintiff failed to remit payment as required by the cardmember agreement. Therefore, Pennsylvania's borrowing statute does not apply and the underlying consumer debt collection action was timely filed pursuant to Pennsylvania's four year statute of limitations. Accordingly, plaintiff's claim of an alleged violation of the Fair Debt Collection Practices Act fails as a matter of law.

/s/Jeffrey B. McCarron
JEFFREY B. McCARRON
NICOLE L. GRAHAM

Swartz Campbell LLC
Two Liberty Place
50 S. 16th Street, 28th Floor
Philadelphia, PA   19102
(215) 564-5190
Jmccarron@swartzcampbell.com

*Attorneys for defendant*

DATE:  August 15, 2011

## **CERTIFICATE OF SERVICE**

     I, Nicole L. Graham, Esquire, attorney for defendant, Stock & Grimes, LLP, hereby certify that a true and correct copy of the reply brief in further support of defendant's motion to dismiss plaintiff's amended complaint was served upon all counsel listed below by ECF and U.S. First Class Mail, postage prepaid on August 15, 2011:

Joseph A. Mullaney, III, Esquire
Consumer Litigation Group
Law Office of Dimitrios Kolovos, LLC
211 West State Street, Suite 204
Media, PA   19063

                                                                       /s/Nicole L. Graham
                                                                        Nicole L. Graham