```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

QAISAR HAMID                    :      CIVIL ACTION
                                :
          v.                    :
                                :
STOCK & GRIMES, LLP             :      NO. 11-2349
```

MEMORANDUM

Bartle, J.                                        August 26, 2011

      Plaintiff Qaisar Hamid ("Hamid") has sued defendant Stock & Grimes, LLP ("S&G"), a limited liability law partnership, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.  Hamid alleges that S&G previously filed an underlying debt collection action against her on behalf of Discover Bank when the action was barred by the applicable statute of limitations.  Defendant has now moved to dismiss on the ground that plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      For present purposes, we accept as true all well-pleaded facts.  A plaintiff must state sufficient factual matter to make it plausible that her claim is true.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937 (2009).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Twombly, 550 U.S. at 570.

Thus, the allegations must do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1950).

According to the amended complaint, plaintiff, a resident of Pennsylvania, accepted a Discover credit card in 1994 from Discover Bank, headquartered in the state of Delaware and regulated by the Delaware State Bank Commissioner. The cardmember agreement, which stated it would be governed by Delaware law, provided for Hamid to mail and deliver her payments to a post office box in Dover, Delaware. If she failed to do so, she was in default. Discover Bank received her last payment on July 5, 2006. It never received the payment due from her on August 12, 2006. On April 23, 2010, approximately three years and eight months later, S&G, as counsel for Discover Bank, filed a debt collection action against Hamid in a Pennsylvania state court. During the lawsuit Hamid's counsel advised S&G that the statute of limitations barred the action and thus violated 15 U.S.C. § 1692f. Nevertheless, the lawsuit continued. Hamid ultimately "paid Discover Bank to buy her peace and end the state-court action."

S&G maintains that the underlying action was timely and did not violate § 1692f of the Fair Debt Collection Practices Act, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Without limitation, § 1692f then identifies certain conduct which constitutes such prohibited means. While filing a stale lawsuit

is not specifically listed, S&G, at least at this stage, does not contest that doing so would constitute an unfair or unconscionable means to collect or to attempt to collect a debt. See Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1486-88 (M.D. Ala. 1987).

The Pennsylvania statute of limitations is four years for a breach of contract while the relevant Delaware limitations period is three years.  See 42 Pa. Cons. Stat. § 5525; 10 Del. C. § 80106.  Thus, if the former is applicable, the underlying lawsuit was timely, but if the latter is controlling, the lawsuit was time barred.

The underlying lawsuit, as noted above, was filed in the state court in Pennsylvania.  While the parties agreed that Delaware substantive law governs, Pennsylvania, the forum state, looks to its own statute of limitations scheme even though the claim has arisen and is governed by the law of a different state, unless the parties have specifically provided otherwise as to the limitations period.  Unisys v, U.S. Vision, 630 A.2d 55, 57-58 (Pa. Super. 1993).  Under the Pennsylvania Uniform Statute of Limitations on Foreign Claims Act, "the period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth whichever first bars the claim."  See 42 Pa. Cons. Stat. § 5521(b); Gluck v. Unisys Corp., 960 F.2d 1168, 1179-80 (3d Cir. 1992).  This Act

is applicable since the parties have not specifically agreed to a different limitations period.

Hamid argues that the claim against her accrued in Delaware when Discover Bank did not receive the plaintiff's payment due August 12, 2006. Not surprisingly, S&G maintains that it accrued in Pennsylvania when she did not mail her payment.

Under Delaware law, to state a claim for a breach of contract a plaintiff must plead the existence of a contract whether express or implied, the breach of an obligation imposed by the contract, and resultant damages. VLIM Tech., LLC v. Hewlett-Packard Co., 840 A.2d 606, 612 (Del. 2003). The law of Pennsylvania is the same. Pennsy Supply, Inc. v. American Ash Recycling Corp. of Pa., 895 A.2d 595, 600 (Pa. Super. 2006). A cause of action arises and the statute of limitations begins to run "as determined by the final significant event necessary to make the claim suable." Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co., 372 F.2d 18, 20 (3d Cir. 1967). As the Pennsylvania Supreme Court has explained, "a right of action accrues only when injury is sustained by the plaintiff -- not when the causes are set in motion which ultimately produce injury as a consequence." Foley v. Pittsburgh-Des Moines Co., 68 A.2d 517, 533 (Pa. 1949).

Here, the damage to Discover Bank occurred when it did not receive the payment due on August 12, 2006 at its post office box in Dover, Delaware. While Hamid's failure to mail her

payment may have set events in motion, it was in Delaware where the final significant event took place, that is, where Discover Bank sustained injury from non-payment of Hamid's debt. It was not until Discover Bank failed to receive Hamid's check on August 12, 2006 that it was able to sue her for breach of contract. We conclude that the place where the claim in the underlying action accrued was in Delaware.

Because the claim accrued outside of the Commonwealth, the shorter three-year Delaware statute of limitations governed under the Pennsylvania Uniform Statute of Limitations on Foreign Claims Act. See 42 Pa. Cons. Stat. § 5521; 10 Del. C. § 80106. The underlying action was filed in Pennsylvania on April 23, 2010, more than three years and eight months after the breach of contract claim arose. Thus, the institution of suit occurred after the clock had run.

In sum, accepting the facts alleged in Hamid's amended complaint as true, S&G filed out of time the debt collection action on behalf of Discover Bank and against Hamid in the Pennsylvania state court. Consequently, she has here stated a claim for relief for violation of § 1692f of the Fair Debt Collection Practices Act.

The motion of S&G to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure will be denied.