```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

QAISAR HAMID                    :       CIVIL ACTION
                                :
        v.                      :
                                :
STOCK & GRIMES, LLP             :       NO. 11-2349
```

MEMORANDUM

Bartle, J.                                          June 12, 2012

Plaintiff Qaisar Hamid ("Hamid") has sued defendant Stock & Grimes, LLP ("S&G"), a limited liability law partnership, for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. Hamid alleges that S&G had violated the FDCPA by filing an underlying debt collection action against her on behalf of Discover Bank when the action was barred by the applicable statute of limitations. Before the court is S&G's motion for summary judgment and Hamid's motion for partial summary judgment as to liability.

I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

declarations, stipulations ..., admissions, interrogatory answers, or other materials; or ... showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). Summary judgment is granted where there is insufficient record evidence for a reasonable jury to find for the plaintiffs. Id. at 252. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. We view the facts and draw all inferences in favor of the non-moving party. Boyle v. Cnty. of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998). When ruling on a motion for summary judgment, we may only rely on admissible evidence. See, e.g., Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999).

II.

The following facts are undisputed. Hamid, a resident of Pennsylvania, accepted a credit card in 1994 from Discover Bank, headquartered in the state of Delaware and regulated by the Delaware State Bank Commissioner. The cardmember agreement, which stated it would be governed by Delaware law, provided for Hamid to mail and deliver her payments to a post office box in

Dover, Delaware.  If she failed to do so, she was in default. Discover Bank received her last payment on July 5, 2006.  It never received the payment due from her on August 12, 2006.  On April 23, 2010, approximately three years and eight months later, S&G, as counsel for Discover Bank, filed a debt collection action against Hamid in a Pennsylvania state court.  During the lawsuit Hamid's counsel advised S&G that the statute of limitations barred the action and that in his view S&G had violated 15 U.S.C. § 1692f of the FDCPA, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Nevertheless, the lawsuit continued.  Hamid and Discover ultimately settled the state court action with Hamid paying Discover some undisclosed amount.

Following the settlement, Hamid brought the current suit in this court.  She claims that S&G violated 15 U.S.C. § 1692f, which as noted above prohibits "unfair or unconscionable means to collect or attempt to collect any debt," by bringing the state court action on behalf of Discover when it was barred by the statute of limitations.  Discover is not a party to this action.  S&G then filed a motion to dismiss on the ground that Hamid had failed to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  It contended that the underlying action was timely and thus in conformity with § 1692f.

This court denied S&G's motion to dismiss.  See Hamid v. Stock & Grimes, LLP, No. 11-2349, 2011 U.S. Dist. LEXIS 96245

at *6-7 (E.D. Pa. Aug. 26, 2011). We concluded that the place where the claim in the underlying action accrued was in Delaware, where Discover sustained injury from non-payment of Hamid's debt. Id. at *6. As a result, we held that the shorter three-year Delaware statute of limitations governed under the Pennsylvania Uniform Statute of Limitations on Foreign Claims Act. Id. (citing 42 Pa. Cons. Stat. Ann. § 5521; 10 Del. C. § 80106).[1]

### III.

We first address S&G's motion for summary judgment. S&G's initial argument reiterates it contention, made in support of its unsuccessful motion to dismiss, that it timely filed the underlying consumer debt collection action against Hamid on behalf of Discover. As discussed above, this court previously held that Delaware's three-year statute of limitations governed that earlier action. See Hamid, 2011 U.S. Dist. LEXIS 96245 at *6. We have no reason to reconsider our earlier decision. S&G filed the underlying suit on April 23, 2010, approximately three years and eight months after August 12, 2006. Accordingly, the state court suit brought by Discover against Hamid was time barred.

S&G next argues that it is entitled to judgment in its favor pursuant to the bona fide error defense under § 1692k(c) of the FDCPA, which provides "[a] debt collector may not be held liable in any action brought under this title if the debt

---

1. The Pennsylvania statute of limitations is four years. See 42 Pa. Cons. Stat. Ann. § 5525.

collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

The Supreme Court has ruled that § 1692k(c) applies only to "factual or clerical errors" and not to a debt collector's mistaken interpretation of the legal requirements of the FDCPA.  See Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich LPA, 130 S. Ct. 1605, 1611, 1614 (2010).  S&G contends that Jerman did not address whether a bona fide error defense applies to a mistaken interpretation of a state or federal law, such as the statute of limitations issue here, that would affect a proceeding under the FDCPA.  Although S&G is correct in this regard, the FDCPA clearly does not excuse any legal mistakes in connection with a lawsuit under the FDCPA.  The Supreme Court in its decision cited with approval "the common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally."  Id. at 1606-07 (citing Barlow v. United States, 32 U.S. 404 (opinion for the Court by Story, J.) (1833)).  That maxim applies here.  S&G's error concerning the statute of limitations was not clerical or factual.  Thus, S&G is not protected by the bona fide error defense under § 1692k(c).

S&G's final two arguments are related.  First, it contends that Hamid cannot recover settlement funds paid to Discover.  Next, it argues that Hamid's claim is barred by the settlement between Hamid and Discover.  Both these arguments fail

because the underlying settlement was not between the parties to this suit, that is, Hamid and S&G, but was rather between Hamid and Discover.

  S&G specifically contends that the voluntary payment doctrine bars Hamid from recovering the settlement funds paid to Discover. This doctrine "prevents the recovery of money willfully paid as a result of a mistake of law pertaining to the interpretation of a contract." State Farm Mut. Auto. Ins. Co. v. Midtown Med. Ctr., Inc., No. 02-7389, 2007 U.S. Dist. LEXIS 80549, at \*14 (E.D. Pa. Oct. 29, 2007); see also Acme Mkts., Inc. v. Valley View Shopping Ctr., Inc., 493 A.2d 736, 737 (Pa. Super. Ct. 1985). However, this doctrine applies when the money is paid by one party to another party in a prior action when both parties are involved in the present action. That is not the case here. Hamid paid Discover, not S&G, as part of the settlement of the state court action. If money is paid to a non-party, the voluntary payment doctrine has no effect on the current suit. See Claremont Apts., LP v. Principal Commer. Funding II, LLC, No. 09-6138, 2010 U.S. Dist. LEXIS 56728 (E.D. Pa. June 8, 2010). Moreover, the voluntary payment doctrine only applies where the payment is made because of a mistake of law. See State Farm Mut. Auto. Ins. Co., 2007 U.S. Dist. LEXIS 80549 at \*14-15. Hamid made no mistake of law, but rather paid Discover "to buy her peace."

  Finally, Hamid's claim against S&G is not barred by the settlement between Hamid and Discover. Although S&G cites

various cases for the proposition that a settlement prevents future litigation on the same subject, none of those cases has held that a settlement between the plaintiff and a non-party in a separate action bars suit between the two parties in the current action.  See, e.g., Sustrik v. Jones & Laughlin Steel Corp., 197 A.2d 44, 46 (Pa. 1964).  Here, Hamid has brought suit against S&G, which was not a party to the state court debt collection action.  Hamid settled the state court debt collection action with Discover, which is not a party to this lawsuit.  S&G does not contend that Hamid signed a settlement agreement with Discover in which she promised she would not bring a suit against S&G under the FDCPA or in which S&G is somehow made a third-party beneficiary.[2]  Accordingly, we conclude that the current action against S&G is not barred by the prior settlement between Hamid and Discover.

     For the above reasons, we will deny the motion of S&G for summary judgment.

### IV.

     We will now turn to Hamid's motion for partial summary judgment as to liability.  Hamid contends that there is no dispute that S&G violated the FDCPA by filing a time-barred collection action, and therefore judgment should be entered in her favor as to liability.  We concluded above that the debt collection action filed by S&G on behalf of Discover against

---

2.  Neither party supplied the court with the settlement agreement.

Hamid in a Pennsylvania state court was barred by the applicable statute of limitations since S&G filed the underlying suit approximately three years and eight months after the three-year statute of limitations began to run.  S&G has not disputed that filing a time-barred debt collection action is a violation of the FDCPA as an "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  Indeed, our Court of Appeals has found that the FDCPA is violated when legal action is merely threatened on a time-barred debt.  See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32-33 (3d Cir. 2011).  Here, S&G actually instituted a time-barred legal action against Hamid on behalf of Discover.

   It is undisputed that S&G violated the FDCPA by filing the underlying action after the clock had run.  We will therefore grant partial summary judgment in favor of Hamid as to liability.