IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

QAISAR HAMID                    :        CIVIL ACTION
                                :
        v.                      :
                                :
STOCK & GRIMES, LLP             :        NO. 11-2349


MEMORANDUM

Bartle, J.                                      July 9, 2012

        Plaintiff Qaisar Hamid ("Hamid") has sued defendant
Stock & Grimes, LLP ("S&G"), a limited liability law partnership,
for violation of the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. §§ 1692 et seq.  Hamid alleges that S&G
violated the FDCPA by filing an underlying debt collection action
against her on behalf of Discover Bank when the action was barred
by the applicable statute of limitations.  This court has
previously denied the motion of S&G for summary judgment and
granted partial summary judgment in favor of Hamid as to
liability.  The only remaining issue in this action is the amount
of damages owed to Hamid by S&G.  Before the court is a motion in
limine to preclude Hamid from recovering at trial the amount paid
to settle the underlying debt collection action.

        Hamid accepted a credit card in 1994 from Discover
Bank.  It received her last payment on July 5, 2006 but never
received the payment due from her on August 12, 2006.  On
April 23, 2010, approximately three years and eight months later,
S&G, as counsel for Discover Bank, filed a debt collection action

against Hamid in a Pennsylvania state court.  Hamid and Discover
Bank ultimately settled the state court action with Hamid paying
it an undisclosed amount.  Following the settlement, Hamid
brought the current lawsuit in this court.  We have previously
determined that Delaware's three year statute of limitations for
breach of contract was applicable and that S&G violated the FDCPA
by bringing the state court collection action after that three-
year period.[1]  See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28,
32-33 (3d Cir. 2011).

A debt collector who fails to comply with the FDCPA is
liable for "any actual damage sustained by such person as a
result of such failure."  15 U.S.C. § 1692k(a)(1).  Furthermore,
a plaintiff "in the case of any action by an individual," may
recover "such additional damages as the court may allow, but not
exceeding $ 1,000."  15 U.S.C. § 1692k(a)(2)(A).  Plaintiffs may
collect statutory damages under the FDCPA even if there are no
actual damages.  Weiss v. Regal Collections, 385 F.3d 337, 340 &
n.5 (3d Cir. 2004).  Successful plaintiffs may also recover the
costs of the action and a reasonable attorney's fee.  15 U.S.C. §
1692k(a)(3); see also FTC v. Check Investors, Inc., 502 F.3d 159,

---

1.  We determined that the claim for relief accrued in Delaware,
where Hamid's payments were to be sent to Discover Bank.  Under
the Pennsylvania Uniform Statute of Limitations on Foreign Claims
Act, "the period of limitation applicable to a claim accruing
outside this Commonwealth shall be either that provided or
prescribed by the law of the place where the claim accrued or by
the law of this Commonwealth whichever first bars the claim."
See 42 Pa. Cons. Stat. § 5521(b); Gluck v. Unisys Corp., 960 F.2d
1168, 1179-80 (3d Cir. 1992).

166 (3d Cir. 2007).  Plaintiffs under the FDCPA are not entitled to punitive damages.  See Wright v. Litton Loan Servicing LP, No. 5-02611, 2006 U.S. Dist. LEXIS 15691, at *12 (E.D. Pa. Apr. 4, 2006).

The plaintiff here alleges actual damages and also requests statutory damages, costs, and attorneys' fees. Specifically, Hamid alleges actual damages for the following: the amount of money she paid to Discover Bank in settlement of the state court collection action; $110 for two lost days of work as a result of her mental distress sustained due to the collection action; $31.80 in mileage and parking expenses for travel to the arbitration proceeding in the collection action; and an amount valued by the jury to compensate her for mental distress sustained as a result of the collection action.

S&G contends that the Pennsylvania state law voluntary payment doctrine precludes Hamid from recovering the amount she paid in settlement of the underlying state action at trial in this case.  We disagree.  The FDCPA is a federal law and accordingly state law defenses are not relevant here.[2]  See, e.g., Allen v. LaSalle Bank, 629 F.3d 364, 369 (3d Cir. 2011); see also Cappetta v. GC Servs. L.P., 654 F. Supp. 2d 453, 464

---

2.  S&G still relies and previously relied on the voluntary payment doctrine under state law to preclude recovery of what Hamid paid to settle the underlying lawsuit.  Even assuming that state law was otherwise relevant, we have held that the voluntary payment doctrine fails under the circumstances of this case.  See Hamid v. Stock & Grimes, LLP, No. 11-2349, 2012 U.S. Dist. LEXIS 81796 (E.D. Pa. June 12, 2012).

(E.D. Va. 2009).  In Allen, our Court of Appeals determined that a New Jersey state litigation privilege did not "absolve a debt collector from liability under the FDCPA" because "common law immunities cannot trump the FDCPA's clear application to the litigating activities of attorneys."  Allen, 629 F.3d at 369 (internal citations and quotations omitted).  Similarly, here S&G may not use a state common law doctrine to avoid paying damages required by the FDCPA.

We therefore turn to the FDCPA itself to determine whether Hamid may recover at trial the amount she paid to settle the underlying debt collection action.  Congress has stated that its purpose in enacting the FDCPA was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection  abuses."  15 U.S.C. § 1692(e); see also Allen, 629 F.3d at 367.  As our Court of Appeals observed in FTC, "[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner."  502 F.3d at 165 (internal quotation omitted).

The court in FTC explained that in enacting the FDCPA Congress noted, "'[o]ne of the most frequent fallacies concerning debt collection legislation is the contention that the primary beneficiaries are "deadbeats."  In fact, however, there is

-4-

universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay debts is minuscule.'"  Id. at 165-66 (quoting S. Rep. No. 93-382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. at 1696)).  The court further stated that "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts.  When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'"  Id.

It is clear from its underlying purpose that debtors may recover for violations of the FDCPA even if they have defaulted on a debt.  It follows that debtors may recover the amount paid to settle a debt, if the debt collector violated the FDCPA in making the collection, as occurred here.  Hamid paid some or all of the money she owed to Discover Bank only as a result of the untimely lawsuit filed by S&G on behalf of the Bank.  If her payment was not a proper element of actual damages under the FDCPA, a debt collector could harass a debtor in violation of the FDCPA, as a result of that harassment collect the debt, and thereafter retain what it collected.  We do not believe that Congress intended this result.

Accordingly, Hamid may present evidence to the jury of all the actual damages she sustained, including the amount of money she paid to Discover Bank to settle the state court collection action.  The court will then determine any statutory damages, costs, and attorneys' fees owed to her.